## W. H. PARRIS, Appellant, v. DEERING SOUTH-WESTERN RAILWAY COMPANY, Respondent.

Springfield Court of Appeals, January 18, 1919.

1. **CARRIERS: Carriage of Passengers: Assault.** In view of the power given railroad companies by Revised Statutes 1909, section 3093, to eject disorderly passengers, a conductor may not assault a boisterous and drunken passenger and whip him, allowing him to continue his journey.

2. ————: **Protection of Passengers.** Where a disorderly passenger assaults a fellow passenger, it is the duty of the railroad company's servants to protect the latter, and they may use such force as is necessary, but they are not justified in assaulting a passenger who is guilty merely of boisterous and indecent conduct, but should eject him.

3. ————: **Passengers: Assault on Passenger: Instruction: Damage.** In an action by a passenger for alleged wrongful assault by the conductor, an instruction given at the request of the company *held* erroneous in requiring the jury to find facts which would entitle the passenger to punitive damages as a condition to awarding compensatory damages.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

REVERSED AND REMANDED.

*C. G. Shepard* for appellant.

*Ward & Reeves* for respondent.

FARRINGTON, J.—The plaintiff, appellant, instituted suit against the defendant, alleging that he was a passenger on one of defendant's trains and that he boarded the same at Ward Avenue, in the city of Caruthersville, Missouri, and shortly after the train started to move, the conductor in charge of the train wilfully, maliciously and wantonly assaulted plaintiff without any cause or provocation on the part

of plaintiff; that at the time he was assaulted, plaintiff's back was turned to the conductor and he had no knowledge there was an assault about to be made upon him; that he struck him several times over the head with a "Billy," causing severe and lasting wounds on and about his head. Judgment was asked for $1,000 compensatory damages, and $5,000 exemplary damages.

The answer of the defendant denies that the conductor in charge of the train wilfully, maliciously and wantonly assaulted plaintiff, and further answering charges that plaintiff was at the time on said train, was drunk and disorderly, and was using loud, boisterous and indecent language in the presence of the passengers on said train; that the conductor, as was his duty, tried to quiet the plaintiff and asked him to sit down and be quiet, but plaintiff refused and continued his loud and boisterous conduct to the annoyance and disturbance of the passengers, and, at the same time, had a large pocket knife, and that no one could make him sit down, and that, without provocation or cause, the plaintiff struck the defendant, who there upon struck plaintiff, causing his alleged injury, and that the striking by the conductor was done under the necessity of self defense, and that no more force was used than was necessary, and that all of it took place while the conductor was endeavorng to quiet plaintiff and cause him to sit down and cease his disturbance.

There was a trial by a jury which rendered a verdict in favor of the defendant.

The plaintiff, appellant, merely complains of certain instructions given. It is conceded that there was evidence to sustain both the claim of the plaintiff and the defense of the Railroad Company. The appellant, therefore, merely brings the record proper and the instructions complained of to this court for review. The error complained of is contained in several of the instructions, but especially predominates instruction Number Two, given on behalf of the defendant, which

is as follows, we having italicized that portion complained of by appellant:

"You are further instructed that, if you find and believe from the evidence in this case that the plaintiff took passage on defendant's train as testified to in this case, *and that the plaintiff was rude and disorderly on the train and that he was using indecent and boisterous language in the presence and hearing of the other passsengers, then the court instructs you that it was the duty of the defendant's condutor and brakeman in charge of said train to use whatever force that was necesary to quiet plaintiff and to prevent him being disorderly and boisterous on the train,* and to prevent him disturbing the passengers on the train, and if you further find and believe that the defendant's conductor attempted to perform his duties in this respect as aforesaid, and that the plaintiff had a pocket knife in his hand and assaulted or attempted to assault or strike said conductor and that the conductor thereupon struck and hit plaintiff to defend himself and to prevent plaintiff from disturbinbg the passengers on the train, then the plaintiff cannot recover in this case and your verdict must be for the defendant."

It will be seen at a glance on reading this instruction that the jury were told that under the law, where a passenger breaches the rule of the Company and acts in a disorderly manner then the servants in charge of the train have a right to quiet such passengers and bring him to order, and to use such force as is necessary to quiet the passenger and prevent him being disorderly. Such rule, we think, vests more power in the servants of a carrier than the law permits, as, under such rule, a conductor would have the right to continue carring the passenger who was acting disorderly, and could from time to time, if the disorder continued, whip him into submission. This is not the remedy that the statute of this State provides for a breach of the reasonable rules of a carrier, or for one who has behaved in an offensive manner, or is

guilty of repeated violation of the rules. In such case, the conductor has a right, under certain limitations, to eject him from the train. [See sec. 3093, R. S. 1909.]

The law is well settled in this State, as held in numerous opinions cited by both appellant and respondent, that it is not only the right, but the duty of the agents and servants in charge of a train to put a stop to disorderly and violent conduct of passengers on trains who transgress the rule of the Company and interfere and disturb the peace of the other passengers. The only remedy, however, which we have been able to find applicable to such conduct is the right to expel or reject such passenger form the trtain, and in doing this the conductor and servants have a right to use only such force as is necessary to make the ejection and with this necessarily goes the right of such servant in performing this duty to use such means as are necessary in the defense of his person against the attacks and unlawful acts of a disorderly passenger in resisting ejection.

It is pointed out in 10th Corpus Juris, page 727, that the right of ejection may be exercised particularly where there is a statutory provision to that effect with reference to persons who annoy and disturb other passengers by the use of vulgar, indecent or profane language, or who are unruly or boisterous or offensive to the peril or discomfort of other passengers, or interference with the carrier's business.

It is laid down in Hutchinson on Carriers, Vol. 2, page 1258, sec. 1082, that a passenger who refuses to obey reasonable regulations of the cariers forfeits his right to be carried, and at once puts himself in the condition of an intruder, and may be ejected. The same author, in section 1102, Vol. 2, holds that while care and kind treatment of the passenger is required of the carrier's servants, there is a correlative duty on the part of the passenger to behave decently, and if the passenger assaults the servants of the carrier, the latter has a right to defend himself, and where personal

combat between the two is brought on by the passenger's wrongful assault, and he is injured, the carrier will not be liable.

It must be borne in mind that the facts alleged by the plaintiff and defendant in this suit do not disclose a case where a disorderly and unruly passenger has assaulted and is injuring a fellow pasenger by acts of violence. In such case the law would require that the servants of the train come to the assistance and protection of the assulted passenger, and it would be the duty of such servants to use such force as is necessary in the protection of the assaulted passenger; but in no case where the disorder merely consisted of loud and boisterous conduct would the servants of a carrier have the right, as the law of this instruction informed the jury, to such use force as is necessary to quiet a loud and noisy plaintiff and to prevent him from being disorderly and boisterous on the train. The remedy is not to enforce quiet conduct by corporal punishment but by using such less force only as is necessary to eject.

The appellant further complains of an instruction asked and given on the part of the defendant which told the jury that unless you find or believe from the preponderance or greater weight of the evidence in this case, not only that plaintiff was struck and assaulted by the agent of defendant, but that the agent of said defendant did same wilfully, maliciously and wantonly and that at the time he did same, plaintiff was conducting himself in an orderly manner, then your verdict must be for the defendant. This instruction went farther than the law requires the jury to go in finding a verdict for the defendant as to compensatory damages.

Respondent answers this by pointing to plaintiff's first instruction, which informed the jury that if they found that the conductor in charge of the train wilfully, maliciously and wantonly assaulted plaintiff, without any cause or provocation on the part of plaintiff, then the plaintiff is entitled to recover therefor such

damages as the jury may believe from the evidence will compensate the plaintiff for such bodily pain so suffered (if any). Respondent contends that its instruction merely negatived the finding required by plaintiff's instruction, and that the error if any, was invited by the appellant, and therefore no complaint can now be urged.

While it is not necessary to determine whether this is reversible error on this trial, we suggest that the plaintiff on a re-trial so frame his instruction on compensatory damages as not to require a finding necessary for exemplary damages. Such a finding as was required by the plaintiff's instruction would warrant the giving of compensatory damages, while the instruction given for the defendant, put as it was, would not warrant the giving of compensatory damages unless the jury found facts sufficient to warrant the giving of exemplary damages. On a re-trial, the instruction should be so framed as to eliminate this contradiction.

For the reasons given herein as to the alleged error in the instructions, justifying a assult by the conductor, provided it was done merely to quiet and bring to order the plaintiff, if he was acting in a disorderly and boisterous manner, we reverse the judgment and remanded the cause for a re-trial. *Sturgis, P. J.*, and *Bradley, J.*, concur.